UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER C. L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02676-RLY-DML |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Jennifer C. L., has a condition called hydrocephalus, which occurs when fluid builds up in the ventricles deep within the brain, causing pressure on the brain. *See* https://www.mayoclinic.org/diseases-conditions/hydrocephalus/symptoms-causes/suc-20373604. Excess pressure on the brain can damage brain tissue and cause neurological impairments. *Id.* In this regard, Plaintiff says that due to her condition, she experiences fatigue, difficulty walking and navigating stairs, and difficulty concentrating and focusing on tasks. She no longer works as an underwriter for Cincinnati Insurance Company; instead, she works 10-15 hours a week at a clothing store.

In July 2018, around the time Plaintiff resigned her position with Cincinnati Insurance, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Her application was denied initially and upon reconsideration. A hearing was held on January 28, 2020, before an administrative law judge ("ALJ"). The ALJ

1

issued her decision on February 24, 2020, finding Plaintiff was not disabled at any time between her alleged onset date and the ALJ's decision.  The Appeals Council denied review on August 20, 2020, rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.  The court referred the matter to the Magistrate Judge on October 4, 2021.  The Magistrate Judge issued her Report and Recommendation ("R&R") on February 2, 2022, recommending that the court affirm the Commissioner's decision finding Plaintiff was not disabled.

Plaintiff objects to the R&R on two grounds: (1) the ALJ erred in considering her ability to perform activities, including her ability to work part time; and (2) the ALJ's finding within the residual functional capacity ("RFC")[1] assessment for Plaintiff to be off-task 10% of the time was not adequately explained.  Pursuant to Federal Rule of Civil Procedure 72, the court reviews these issues *de novo*, determining for itself whether the Commissioner's decision on those issues is supported by substantial evidence—i.e., evidence that a reasonable person would accept as adequate to support a conclusion. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).  Upon conducting a review, the

---

[1] The ALJ found Plaintiff/claimant has the residual functional capacity to perform light work except, for example, the claimant can never climb ladders, ropes, or scaffolds; the claimant can occasionally climb stairs and occasionally balance.  (Record at 22).  The RFC also states that "the claimant is limited to work involving simple, routine and repetitive tasks, performed in a work environment free from fast-paced production requirements, involving only simple work-related decisions, and with few, if any, work place [sic] changes." *Id.*  And "in addition to regularly scheduled breaks, the claimant would be off task 10% of the time during an 8 hour work day." (*Id.*).

2

court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Having reviewed the record, the court is satisfied that the ALJ did not commit reversible error. First, the ALJ found that Plaintiff can perform light household tasks, care for her personal hygiene, drive independently, go shopping, pay bills, use a checkbook, care for her dog, and work part time. (*Id.* at 19-20, 27). These activities, as noted by the Magistrate Judge, were supported by the record. (*See* Filing No. 10-2, Record at 23). There is nothing in the ALJ's decision suggesting that because Plaintiff can work part time, she is capable of full-time work. *See Larson v. Astrue*, 615 F.3d 744, 752 (7th Cir. 2010) ("There is a significant difference between being able to work a few hours a week and having the capacity to work full time."). Instead, the ALJ mentioned Plaintiff's part-time work activities—helping customers and standing and walking her entire shift—to show that Plaintiff's description of her symptoms was not consistent with the other evidence in the record. (Record at 23).

Second, as found by the Magistrate Judge, the ALJ's 10% off-task limitation was supported by the record. *See Jeske v. Saul*, 955 F.3d 583, 596 (7th Cir. 2020) (noting that if the record reflects the ALJ considered all relevant functional limitations, "we need not remand to have the ALJ better articulate its analysis on the claimant's exertional capacity"). Although Plaintiff reported some reduced ability to process information due to her hydrocephalus, during physical examinations "she was reported to be alert,

oriented, and cooperative, with unremarkable thought content, goal directed thoughts, and insightful thought process." (Record at 27; *see also id.* at 19 (stating physical examinations show Plaintiff "has good judgment")). And as noted above, Plaintiff also reported she can pay bills, use a checkbook, go shopping, and work part time. (*Id.* at 19-20, 27). The ALJ determined that Plaintiff's ability to perform these tasks, coupled with her mild symptomology, supported a finding that she was capable of a modified range of light work as outlined in the RFC. (*Id.* at 27).

In determining whether there existed jobs in the national economy with the type of limitations set forth in Plaintiff's RFC, the ALJ relied on the testimony of the vocational expert (VE). The VE explained that for unskilled jobs involving simple, routine, and repetitive tasks at a light exertional level, where the claimant occasionally climbed stairs and occasionally balanced, employers typically tolerate an employee being off-task 10% of the time (excluding a standard break period). (*Id.* at 66). But the VE also explained that employers will not tolerate, in addition to regular work breaks, an employee being off-task 20% of the time. (*Id.*). Thus, it appears that the ALJ considered Plaintiff's issues with concentration and focus by allowing Plaintiff to be off-task at the top of the range (10%) but did not view the record as indicative of a person unable to work a 40-hour work week so long as the tasks were consistent with the limitations described in the RFC.

For the reasons just explained, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 18) and **AFFIRMS** the decision of the Commissioner

4

that Plaintiff was not disabled.  Final judgment consistent with this opinion shall issue forthwith.

**SO ORDERED** this 31st day of March 2022.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.